UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 22-5555 ODW (PVC)                                     Date:  January 3, 2023

Title       Ja'Naye Granberry v. Denis R. McDonough

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

|  Attorneys Present for Plaintiff:  |  Attorneys Present for Defendants:  |
|---|---|
|  None  |  None  |

**PROCEEDINGS:**   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m) FOR FAILURE TO SERVE DEFENDANT WITH THE SUMMONS AND COMPLAINT

On August 3, 2022, Plaintiff, a California resident proceeding *pro se* but not *in forma pauperis*, filed the instant action against Denis R. McDonough, Secretary, Department of Veterans Affairs.[1] ("Complaint," Dkt. No. 1).  Plaintiff alleges that she was subject to a hostile work environment created by her supervisor at the Department of Surgical and Perioperative Care at the Veterans Healthcare Medical Center in Los Angeles.  (*Id*. at 1).  The Complaint seeks monetary damages and an injunction requiring Defendant to restore Plaintiff's leave time and grant her a two-grade promotion.  (*Id*. at 2, 6) (continuous pagination).

---

[1] Plaintiff's request to proceed *in forma pauperis* was denied on September 19, 2022. (Dkt. No. 7).  Plaintiff has paid the full filing fee.  (Dkt. No. 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5555 ODW (PVC)                                    Date:  January 3, 2023

Title        Ja'Naye Granberry v. Denis R. McDonough

On October 26, 2022, the Court Clerk issued a summons for service of the Complaint on Defendant.[2]  (Dkt. No. 8).  However, as of the date of this Order to Show Cause, Plaintiff still has not filed a proof of service documenting that the summons and Complaint were properly served on Defendant.  See C.D. Cal. Local Rule 5-3.1.2 (requiring the filing of a proof of service declaration by the person who effected service affirming the day and manner of service, the person or entity served, the title of the document served, and the method of service employed).  Because Plaintiff is not proceeding *in forma pauperis*, she is not automatically entitled to service of the summons and Complaint by the United States Marshals Service and is responsible for ensuring proper and timely service of her pleading.  *See Pruett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *see also Mitchell v. Allison*, 2021 WL 4480647, at *2 (S.D. Cal. Sept. 30, 2021) ("Absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to Fed. R. Civ. P. 4(c)(3), persons who prepay civil filing fees 'remain[] responsible for timely service.'" (quoting *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)).

Federal Rule of Civil Procedure 4(m) sets a deadline by which a summons and complaint must be served after an action is filed.  The rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The purpose of Rule 4(m) is to encourage "the prompt movement of civil actions in federal court." *Matlock v. Hawkes*, 874 F. Supp. 219, 221 (N.D. Ill. 1995); *see also Matasareanu v. Williams*, 183 F.R.D. 242, 247 (C.D. Cal. 1998) ("'The purpose of Rule 4(m) is to assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay: *e.g.*, loss of evidence, dimming of witnesses' memories, financial commitments based on not being sued, etc.'")

---

[2] The record does not reflect why Plaintiff waited until the end of October to seek a summons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-5555 ODW (PVC)                                    Date:  January 3, 2023

Title          Ja'Naye Granberry v. Denis R. McDonough

(quoting Schwarzer, Tashima, & Wagstaffe, California Practice Guide: Federal Civil Procedure Trial, § 5:261 (1997 rev.)).

"Rule 4(m) . . . *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay.  Additionally, the rule *permits* the district court to grant an extension even in the absence of good cause." Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original; internal citations omitted).  However, while "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)," that discretion is not limitless.  *Id.* at 1041.  In determining whether to exercise discretion to extend time under Rule 4(m), a court may consider factors such as a "statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (internal quotation marks and citation omitted).

Because Plaintiff filed this action on August 3, 2022, she had until November 1, 2022 -- ninety days after filing the Complaint -- to effect service.  (Even if the Court were to consider September 19, 2022, the date Plaintiff's IFP request was denied, as the trigger date for the running of Rule 4(m)'s 90-day service period, the deadline still would have lapsed on December 18, 2022.)  However, as of the date of this Order, Plaintiff has neither filed a proof of service attesting to the proper and timely service of the summons and Complaint on Defendant nor requested an extension of time in which to accomplish service.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** within **twenty-one (21) days** of the date of this Order why the Magistrate Judge should not recommend that this action be dismissed for failure to serve Defendant within the period prescribed by Rule 4(m).  Plaintiff may satisfy this Order by filing a proof of service reflecting that Defendant has been properly served or a declaration explaining under oath why Plaintiff has been unable to do so.

**Plaintiff is expressly cautioned that the failure to respond to this Order by the Court's deadline will result in the dismissal of this action without prejudice pursuant to Rule 4(m).  If Plaintiff no longer wishes to pursue her claims, she may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Plaintiffs' convenience.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 22-5555 ODW (PVC)                                    Date:  January 3, 2023

Title         Ja'Naye Granberry v. Denis R. McDonough

      The Deputy Clerk is directed to serve a copy of this Order upon Plaintiff at her address of record.

      IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |