O

# United States District Court
# Central District of California

| | |
|---|---|
| JA'NAYE GRANBERRY,<br><br>           Plaintiff,<br><br>      v.<br><br>DENIS R. MCDONOUGH,<br><br>           Defendant. | Case № 2:22-cv-05555-ODW (PVCx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND GRANTING DEFENDANT'S MOTION TO DISMISS [13]** |

## I.     INTRODUCTION

On August 3, 2022, Plaintiff Ja'Naye Granberry, proceeding pro se, filed this civil rights action against Defendant Denis R. McDonough in his official capacity as the Secretary of the Department of Veterans Affairs.  (Compl., ECF No. 1.) McDonough now moves to strike certain allegations and to dismiss the Complaint. (Mot. Dismiss & Strike ("Mot." or "Motion"), ECF No. 13.)  For the following reasons, the Court **DENIES** the Motion to Strike and **GRANTS** the Motion to Dismiss.[1]

---

[1] The Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Granberry is an employee of the Department of Surgical and Perioperative Care at the Veterans Healthcare Medical Center in Los Angeles, California. (Compl. at 1.[2]) Granberry alleges she was subjected to a hostile work environment and various acts of employment discrimination and retaliation by her supervisor, Robert Lopez. (*Id.* at 1–2.) Granberry makes nine factual allegations. (*Id.* at 2.) Among other things, Granberry alleges that Lopez sent an email to his Equal Employment Opportunity ("EEO") department asking "for information on retali[at]ion because [Granberry] [p]ut [Lopez] in an unman[age]able situation." (*Id.*) Granberry further alleges that Lopez "fabricated false reports of failure on [Granberry's] performance rating," "gave [Granberry] an unjustified negative evaluation," and "treated the male staff more favorabl[y] than [Granberry]." (*Id.*)

Granberry's claims for "[r]etaliatory [h]arassment," "[h]ostile [w]ork [e]nvironment," and "[s]ex and [r]ace" are listed as headings in the request for damages, but Granberry makes no allegations specific to any claim. (*Id.* at 5–6). Granberry seeks monetary damages and an injunction requiring McDonough to restore Granberry's leave time and grant her a two-grade promotion. (*Id.* at 2, 6.)

Attached to the Complaint, Granberry submits a U.S. Equal Employment Opportunity Commission ("EEOC") Decision on Request for Reconsideration ("Decision"), dated June 15, 2022.[3] (*Id.* at 7–9). According to the Decision, on July 25, 2015, Granberry filed a formal complaint with the EEOC "alleging she was subjected to a hostile work environment and discriminated against based on her race (African American), sex (female), and reprisal for prior protected EEO activity." (*Id.*

---

[2] When citing the Complaint, the Court cites the pagination found in the CM/ECF header.

[3] When ruling on a Rule 12(b)(6) motion, "[a] court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting [a] motion to dismiss into a motion for summary judgment." *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Accordingly, in resolving McDonough's Motion to Dismiss, the Court considers the EEOC Decision attached to the Complaint.

at 7.) On May 29, 2020, an EEOC Administrative Judge ("AJ") issued a summary judgment decision finding that Granberry did not establish any discrimination or unlawful retaliation. (*Id.* at 8.) Thereafter, the Department of Veterans Affairs issued a final order implementing the AJ's decision, which Granberry appealed to the EEOC. (*Id.*) On appeal, the EEOC "found that the AJ properly issued a decision without a hearing finding no discrimination or unlawful retaliation." (*Id.*) Granberry requested reconsideration. (*Id.*) In considering Granberry's request for reconsideration, the EEOC found that Granberry did not meet the criteria for reconsideration because "she simply reiterate[d] [the] contentions and arguments raised, or [that she] should have . . . raised, in her appeal." (*Id.*) Therefore, on June 15, 2022, the EEOC denied the request for reconsideration and its decision finding no discrimination or unlawful retaliation became final. (*Id.*) The Decision notified Granberry of her right to file a civil action in an appropriate United States District Court within ninety days from the date of receipt of the Decision. (*Id.*) The Decision directed Granberry to name as the defendant in any complaint "the person who is the official Agency head or department head, identifying that person by his or her full name and official title." (*Id.*)

On August 3, 2022, Granberry filed the Complaint in this action, naming Denis R. McDonough, Secretary of the Department of Veterans Affairs, as the defendant. (*See generally* Compl.) The Court understands Granberry to assert causes of action for retaliation, hostile work environment, and sex and race discrimination. (*Id.* at 5–6). On March 23, 2023, McDonough moved to strike certain allegations and to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rules" or "Rule") 12(f) and 12(b)(6), respectively. (Mot.) The Motion is fully briefed. (Opp'n, ECF No. 15; Reply, ECF No. 16.)

### III.  LEGAL STANDARDS

**A.  Rule 12(f)—Motion to Strike**

Under Rule 12(f), the Court, upon a motion or sua sponte, "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by sub nom. Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). However, motions to strike are generally disfavored and should not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks omitted).

### B.  Rule 12(b)(6)—Motion to Dismiss

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to this standard, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as

true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (internal quotation marks omitted). However, a court need not blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although pro se pleadings are to be construed liberally, pro se litigants are "not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000); *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (construing pro se inmate's civil rights complaint liberally). A court may not "supply essential elements of the claim that were not initially ple[aded]." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV.   DISCUSSION

The Court considers McDonough's Motion to Strike and Motion to Dismiss in turn.

### A.   Rule 12(f)—Motion to Strike

McDonough moves to strike Granberry's "first, second, fourth through sixth, and eighth factual allegations" on the basis that they are immaterial and impertinent because they are time-barred. (Mot. 6–8.) McDonough argues that these factual allegations concern events that took place in 2013 through 2015,[4] and that they are

---

[4] In the Complaint, Granberry fails to allege the dates on which any of her factual allegations occurred. However, McDonough submits EEOC records that identify the dates of certain allegations. (*See* Decl. Julianne M. Ference ISO Mot. ("Ference Decl.") Exs. 1–5, ECF No. 13-1.)

time-barred because Granberry failed to timely file an EEOC complaint after receiving notice of her right to file a complaint regarding those allegations.[5] (*Id.* at 8.)

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy*, 984 F.2d at 1527 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990)). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 711 (1990)).

The Court cannot conclude that Granberry's factual allegations concerning prior acts of alleged discrimination are immaterial or impertinent. First, such allegations may be used as "background evidence" in support of timely claim of discrimination. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002); *see also Wallace*, 2022 WL 14746303, at *7 ("[P]rior acts can constitute background evidence or circumstances that give rise to an inference of discrimination for disparate treatment claims." (cleaned up)). Second, the prior act allegations may be relevant to Granberry's hostile work environment claim. Because "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice' . . . it does not matter . . . that some of the component acts of the hostile work environment fall outside the statutory time period." *Morgan*, 536 U.S. at 117 (citation omitted). "Provided that an act contributing to the claim

---

McDonough argues that judicial notice of Granberry's administrative record before the EEOC is appropriate. (Mot. 3.) Courts may take judicial notice of records and reports of administrative bodies. *Anderson v. Holder*, 673 F.3d 1089, 1094 n.l (9th Cir. 2012). Accordingly, the Court takes judicial notice of the EEOC records that McDonough submits with the Motion. *See Wallace v. DeJoy*, No. 2:21-cv-08885-RSWL (SKx), 2022 WL 14746303, at *3 (C.D. Cal. Oct. 24, 2022) (taking judicial notice of EEOC records, reports, and documentation as judicially noticeable matters of public record).

[5] Federal employees who believe they have been discriminated against "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). In addition, if a resolution is not reached during counseling, the Counselor must give the employee notice of the right to file a formal complaint, and the employee must file a formal complaint within 15 days of receipt of the notice. 29 C.F.R. § 1614.105(d).

occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.*

For these reasons, and because McDonough does not demonstrate that he is prejudiced by the factual allegations he seeks to strike, the Court **DENIES** McDonough's Motion to Strike.

### B. Rule 12(b)(6)—Motion to Dismiss

McDonough moves to dismiss Granberry's claims for retaliation, hostile work environment, and sex and race discrimination on the basis that she fails to state a claim upon which relief can be granted. (Mot. 8–12.)

#### 1. Retaliation

To state a prima facie claim of retaliation, a plaintiff must plead that (1) they engaged in protected activity; (2) they suffered a materially adverse action; and (3) there was a causal relationship between the two. *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013). "An employee engages in protected activity when [they] oppose[] an employment practice that either violates Title VII or that the employee reasonably believes violates that law." *Id.*

Here, Granberry fails to allege that she participated in any protected activity. (*See* Compl. 1–2.) Thus, as can only be the case, Granberry also fails to allege that her participation in a protected activity was the cause of any materially adverse employment action. (*See id.*) Accordingly, Granberry fails to state a claim for retaliation. The Court **GRANTS** McDonough's Motion to Dismiss Granberry's retaliation claim.

#### 2. Hostile Work Environment

To establish a hostile work environment claim under Title VII, a plaintiff must allege that (1) they were "subjected to verbal or physical conduct of a harassing nature"; (2) "this conduct was unwelcome"; and (3) the "conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109–10

(9th Cir. 2000). "A plaintiff must show that the work environment was both subjectively and objectively hostile." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004).

Here, Granberry contends that all of Lopez's actions collectively contributed to a hostile work environment. (Opp'n 4–6.) McDonough asserts that at least five of Granberry's nine factual allegations occurred between 2013 and 2015 and, thus, are time-barred and should not be considered by the Court in determining whether Granberry sufficiently alleges a hostile work environment. (Mot. 8, 10–11.) As discussed above, "[a] charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Morgan*, 536 U.S. at 122; *see also supra* Part IV.A. To determine whether certain events constitute "one unlawful employment practice," courts consider whether (1) the events "were sufficiently severe or pervasive"; and (2) the "earlier and later events amounted to the same type of employment actions, occurred relatively frequently, or were perpetrated by the same managers." *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005) (cleaned up) (quoting *Morgan*, 536 U.S. at 116, 120). Granberry's allegations, however, address only one aspect of the *Porter* factors: that the acts were perpetrated by the same manager, Lopez. Accordingly, Granberry fails to allege that Lopez's acts constitute "one unlawful employment practice."

Even assuming Granberry sufficiently alleges that all nine of Lopez's acts constitute "one unlawful employment practice," Granberry still fails to state a hostile work environment claim. Granberry's sparse allegations do not show that Lopez's "conduct was sufficiently severe or pervasive to alter the conditions of [Granberry's] employment and create an abusive working environment." *Kortan*, 217 F.3d at 1110. In total, Granberry alleges that Lopez asked another employee about retaliation, gave Granberry an unjustified negative evaluation, fabricated false reports of failure on Granberry's performance rating, had Granberry surveilled, told Lopez's supervisors

that Granberry's work was failing and overtime should be taken away, raised his voice at Granberry, fabricated false reports of Granberry's failures, changed Granberry's performance measures, asked other employee's to do Granberry's assignments, and treated male staff more favorably. (Compl. 2.) Without additional factual context regarding Granberry's work performance and the frequency of Lopez's alleged conduct, the Court cannot conclude that these alleged acts were severe or frequent enough to unreasonably interfere with Granberry's work performance. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) (considering "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance"); *see also Davis v. Team Elec. Co.*, 520 F.3d 1080, 1095 (9th Cir. 2008) ("A working environment is abusive if hostile conduct pollutes the victim's workplace, making it more difficult for her to do her job, to take pride in her work, and to desire to stay on in her position." (internal quotation marks omitted)). Additionally, although Granberry requests damages for humiliation, among other purported harms, she fails to allege that any of Lopez's acts subjected her to public humiliation. (*See* Compl. 2.) As a whole, the Court finds that Granberry fails to allege sufficient facts to demonstrate a subjectively and objectively hostile work environment and, thus, fails to state a claim for a hostile work environment.

Accordingly, the Court **GRANTS** McDonough's Motion to Dismiss Granberry's hostile work environment claim.

3. *Discrimination*

Title VII forbids discrimination by employers based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. To state a prima facie claim of discrimination, a plaintiff must plead that (1) they belonged to a protected class; (2) they were qualified for their position; (3) they experienced an adverse employment action; and (4) similarly situated individuals outside the plaintiff's protected class were treated more favorably. *Chuang v. Univ. of Cal. Davis, Bd. of*

*Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000). An adverse employment action is one that "materially affect[s] the compensation, terms, conditions, or privileges of . . . employment." *Davis*, 520 F.3d at 1089 (alterations in original); *see also* 42 U.S.C. § 2000e-2(a). Although an employment discrimination complaint need not "contain specific facts establishing a prima facie case," it must nonetheless contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002).

Here, Granberry fails to make sufficient factual allegations showing that she is entitled to relief for discrimination on the basis of her sex or race. To begin with, Granberry fails to expressly allege her sex or race. The EEOC Decision attached to Granberry's Complaint states that Granberry describes herself as an African American female. (Compl. 7.) McDonough also acknowledges that Granberry is an African American female. (*See* Mot. 4.)

Accepting that Granberry is a member of a protected class based on her sex and race, Granberry nonetheless fails to allege any facts showing that she was qualified for her position, that she suffered an adverse employment action, and that other similarly situated individual employees outside her protected class were treated more favorably. First, Granberry alleges no facts indicating that she was qualified for her position. Second, although Granberry requests in her prayer for relief restoration of 152 hours of leave and a two-grade promotion, Granberry never alleges that she was denied leave or a promotion. (*See* Compl. 6.) Third, Granberry's sole allegation that references sex discrimination states only that "Lopez treated the male staff more favorable than [Granberry]." (*Id.* at 2.) Such a bare, conclusory assertion, unsupported by any factual allegations, cannot sustain Granberry's discrimination claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' . . . 'will not do,'" "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citation omitted)). For example, Granberry does not allege any facts indicating that the "male staff" to which

she refers are similarly situated individuals who held similar positions and engaged in similar conduct as Granberry. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), *as amended* (Jan. 2, 2004) ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct."). Further, although Granberry alleges that "other employee[s] with same circumstance as [Granberry] [received] a more favorable evaluation," Granberry alleges no facts showing that the "other employee[s] with same circumstance" were outside of the relevant protected classes, such as males or non-African American employees. (*See* Compl. 2). As such, the Court finds that Granberry's allegations fail to provide sufficient facts to support a plausible discrimination claim.

Accordingly, the Court **GRANTS** McDonough's Motion to Dismiss Granberry's discrimination claim.

### C. Leave to Amend

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Here, Granberry raises additional facts in the Opposition that she did not allege in the Complaint. (*See generally* Opp'n.) Although the Court may not consider these facts in resolving McDonough's Motion to Dismiss, the Court may consider them in determining whether to grant Granberry leave to amend the Complaint. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). In light of Granberry's Opposition and the liberal standards for amending pleadings, the Court **GRANTS** Granberry leave to amend the Complaint to allege additional facts and the dates of her allegations.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** McDonough's Motion to Strike and **GRANTS** McDonough's Motion to Dismiss **with leave to amend**. (ECF No. 13.) If Granberry chooses to file an amended complaint, she must file it within

**twenty-one (21) days** of the date of this order, in which case McDonough shall answer or otherwise respond no later than **fourteen (14) days** from the date the amended complaint is filed.

Moreover, Granberry is advised that the Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions.  The Los Angeles Clinic operates by appointment only.  Appointments are available either by calling the Clinic or by using an internet portal.  The Clinic can be reached at (213) 385-2977, ext. 270 or through an internet request at the following site:  http://prose.cacd.uscourts.gov/los-angeles.  Clinic staff can respond to many questions with a telephonic appointment or through an email account.  It may be more convenient to email questions or schedule a telephonic appointment.  Staff can also schedule an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012.  Granberry is encouraged to visit the Clinic or otherwise consult with an attorney prior to filing an amended complaint.

**IT IS SO ORDERED.**

July 10, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**