O

# United States District Court
# Central District of California

JA'NAYE GRANBERRY,

            Plaintiffs,

    v.

DENIS R. MCDONOUGH,

            Defendants.

Case № 2:22-cv-05555-ODW (PVCx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [22]**

## I.   INTRODUCTION

Plaintiff Ja'Naye Granberry, proceeding pro se, filed her First Amended Complaint against Defendant Denis R. McDonough, Secretary of the Department of Veterans Affairs, narrowing her claims to the following: (1) that she was subjected to a hostile work environment; and (2) that her direct supervisor, Robert Lopez, engaged in unlawful retaliation.  (First Am. Compl. ("FAC"), ECF No. 21.)  McDonough now moves to dismiss Granberry's First Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Mot." or "Motion"), ECF No. 22.)  For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** Granberry's complaint **WITH LEAVE TO AMEND**.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

At the time relevant to this action, Granberry was a Program Support Assistant with the Department of Surgical and Perioperative Care at the West Los Angeles Veterans Affairs Medical Center ("Medical Center").[3]    (FAC 1.)[4]    According to Granberry, between November 2013 and June 2015, her supervisor Robert Lopez subjected her to a hostile work environment and unlawfully retaliated against her for filing complaints with the Equal Employment Office.  (*Id.*)

Granberry asserts Lopez subjected her to a hostile work environment in the following ways.   In December 2013, Lopez gave her an unfavorable rating in her performance evaluation, preventing her from receiving a "monetary award."  (*Id.* ¶ 30.) Granberry asked for reports substantiating the unfavorable rating, which Lopez did not provide until the next day.  (*Id.*)  The reports included ten "false accusations" regarding her interactions with "internal staff," eight of which "were not writable measures" included in performance reviews.  (*Id.* ¶ 29.)  In January 2014, Lopez requested that his superiors include such interactions with internal staff as "writable measures" on performance appraisals.    (*Id.* ¶ 27.)    In February 2014 and continuing through August 2014, Lopez "directed [her] on several occasions. . . . to email him when she got to work late despite this not being a policy with the VA Medical Center."  (*Id.* ¶ 26.) In June 2014, Lopez informed his manager, Dr. Mattea Stelzner, that Granberry's work was suffering and recommended that she stop doing overtime.  (*Id.* ¶ 25.)

In July 2014, Granberry initiated her first Equal Employment Opportunity ("EEO") complaint.  (*Id.* ¶ 23.)  In September 2014, Lopez contacted Granberry to

---

[2] All factual references derive from Plaintiff's Complaint, First Amended Complaint, or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] The Court previously stated that Plaintiff worked at the Veterans Healthcare Medical Center in Los Angeles, California.  (*See* Order Den. Mot. Strike & Grant. Mot Dismiss ("Previous Order"), ECF No. 18; *see also* Compl. 1, ECF No. 1.)  Plaintiff's workplace has been updated here to accurately reflect the name of the facility.

[4] When citing the FAC, the Court cites paragraphs where available, and otherwise cites the pagination found in the body of the pleading papers.

establish a mediation date regarding the EEO counseling.  (*Id.* ¶ 22.)  Granberry chose not to move forward with the mediation or EEO counseling because, as she contends, Lopez asked the EEO counselor "for information to retaliate against Ms. Granberry." (*Id.*)

In September 2014, Granberry's "overtime was cut" on the recommendation of Lopez, and this "caus[ed] a financial burden to" Granberry.  (*Id.* ¶ 21.)  In October 2014, Granberry received another unfavorable rating, which prevented her from "receiving a second monetary award."  (*Id.* ¶ 20.)  In November 2014, Granberry received a lower performance rating than her colleague who, like Granberry, submitted assignments late.  (*Id.* ¶ 19.)  Granberry then raised concerns with her union and Dr. Stelzner about various health issues, including that her doctor prescribed her medication for sleep, anxiety and depression.  (*Id.* ¶ 18.)

On June 23, 2015, Lopez asked Granberry during a staff meeting about a particular assignment about which Granberry was unaware.  (*Id.* ¶ 9.)  Lopez said, in front of her colleagues, "I don't know why you don't know about this assignment[.] [I]t is part of your job," humiliating Granberry.  (*Id.*)  However, Lopez emailed Granberry shortly after the meeting, admitting he had not included Granberry on the email assignment like he thought he had.  (*Id.* ¶ 8.)

On June 25, 2015, Lopez allegedly complained to Granberry that she was not at her desk on time, but Granberry has timestamped emails showing she was at her desk.  (*Id.* ¶ 7.)  The same day, Lopez yelled at Granberry in her office about checking emails right away and about an assignment.  (*Id.* ¶ 5.)  Granberry filed an EEO complaint that same day.  (*Id.* ¶ 6.)  On June 29, 2015, Lopez was removed as her supervisor, yet he continued to send her emails belittling her and giving her assignments "that were not under her service."  (*Id.* ¶ 1.)

Based on the above alleged facts, Granberry filed the initial Complaint asserting claims for hostile work environment, employment discrimination, and retaliation.

(Compl. 1–2.[5])  Defendant moved to dismiss Granberry's initial Complaint, which the Court granted with leave to amend.  (*See generally* Previous Order.)  On August 21, 2023, Granberry filed the operative First Amended Complaint, asserting two causes of action, that: (1) Lopez created a hostile work environment, and (2) Lopez unlawfully retaliated against her for filing an EEO complaint.  (FAC at 7–10.)  Defendant now moves again to dismiss Granberry's causes of action pursuant to Rule 12(b)(6).  The Motion is fully briefed.  (Opp'n, ECF No. 25; Reply, ECF No. 26.)

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

---

[5] When citing the Complaint, the Court cites the pagination found in the CM/ECF header.

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.   DISCUSSION

McDonough argues the Court should dismiss Granberry's First Amended Complaint for several reasons: (1) Granberry fails to allege that any conduct directed to her was related to any protected class to which she belongs; (2) the conduct did not create a hostile work environment because it was not sufficiently severe or pervasive; and (3) that her retaliation claim lacks a causal relationship between the alleged protected activity and the adverse employment action.  (Mot. 1, 7–12.)  McDonough further argues that many of Granberry's allegations are time-barred or concern matters regarding which Granberry did not exhaust her administrative remedies.  (Mot. 6–7.)  The Court first considers whether Granberry's claims are time-barred or unexhausted, and then turns to whether Granberry states causes of action for hostile work environment and retaliation.

### A.   Time-Barred and Unexhausted Claims

McDonough argues that Granberry's factual allegations occurring before May 11, 2015, are time-barred under 29 C.F.R. § 1615.105(a)(1).  (Mot. 6–7.)  That provision requires employees to initiate contact with an EEO counselor within 45 days of the date of the alleged discriminatory action.   29 C.F.R. § 1615.105(a)(1).

However, in her first cause of action, Granberry alleges a hostile work environment, not a singular instance of discrete discriminatory action.  (*See generally*

FAC.)  Hostile work environment claims differ from discrete claims of discrimination because hostile work environment claims are necessarily composed of a series of separate acts that collectively amount to one unlawful employment practice.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).  "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."  *Id.*  This includes subsequent events.  *Id.*  Accordingly, the Court will not ignore factual allegations that fall outside the 45-day window and McDonough's argument that Granberry's claims are time-barred fails.

McDonough also argues that the Court should disregard the allegations in paragraphs one through four of the FAC because they are non-exhausted allegations, meaning the allegations were not presented to an EEO counselor for investigation. (Mot. 7.)

A court may find that plaintiffs have properly exhausted their administrative remedies if the new claims are "like or reasonably related to the allegations contained in the [EEO] charge."  *Green v. L.A. Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989) (quoting *Brown v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984)).  Federal courts should "consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case."  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), *as amended* (Feb. 20, 2002).

Liberally construing Granberry's claims regarding hostile work environment and retaliation, the Court finds they are reasonably related to the allegations contained in her EEO complaint and the associated EEO investigation.  *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints").  As such, the Court finds McDonough's argument urging the Court to disregard paragraphs one through four to be unpersuasive.

**B.      Title VII—Hostile Work Environment**

McDonough argues that Granberry fails to allege that the harassment and hostile work environment she experienced were related to a protected class or activity and therefore fails to state a claim.  (Mot. 7.)

A hostile work environment is one that is permeated with discriminatory intimidation, ridicule, and insult that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)).  To establish a hostile work environment claim, a plaintiff must allege that (1) they were "subjected to verbal or physical conduct of a harassing nature"; (2) "this conduct was unwelcome"; and (3) the "conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109–10 (9th Cir. 2000).  "A plaintiff must show that the work environment was both subjectively and objectively hostile." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004).

Federal courts employ a totality of the circumstances test to determine whether a plaintiff makes a colorable claim of a hostile work environment. *Harris*, 510 U.S. at 23; *see Brooks v. City of San Mateo*, 229 F.3d 917, 923–24 (9th Cir. 2000) (citing *Harris* for totality of the circumstances test).  Relevant factors include frequency of alleged hostile conduct, severity of the interactions, and whether the actions are physically threatening or humiliating, and the level of interference with work performance. *Harris*, 510 U.S. at 23.  Importantly, the Supreme Court has cautioned that Title VII should not be seen as "a general civility code," and therefore, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks omitted).

Here, the Court finds that Granberry again fails to establish a prima facie claim for hostile work environment.  Although Granberry sufficiently alleges that Lopez's conduct was *subjectively* hostile in that she experienced increased anxiety and required medication to treat her anxiety, depression, and sleeplessness, (FAC ¶ 18), Granberry fails to sufficiently allege that Lopez's conduct was *objectively* hostile.  Granberry alleges that Lopez gave her unwarranted unfavorable performance evaluations on three occasions over a period of nineteen months.  (*Id.* ¶¶ 19, 20, 30.)  She alleges that Lopez raised his voice or humiliated her twice, within two days in June 2015.  (*Id.* ¶¶ 5, 9.)  And she alleges that Lopez, on one occasion in 2014, gave Granberry's assignment to another employee.  (*Id.* ¶ 17.)  These allegations of misconduct do not rise to the level of conduct that was objectively frequent, severe, or humiliating.  *See McGinest*, 360 F.3d at 1113 (requiring plaintiff to establish environment both objectively and subjectively hostile).  Granberry also does not allege that Lopez physically threatened or intimidated her during this period.  *See Harris*, 510 U.S. at 23.

Granberry also asserts—in conclusory fashion—that "there is no legitimate or non-discriminatory reason for the actions of Mr. Lopez."[6]  (FAC 8.)  Granberry does not allege that Lopez's actions were based on her sex or that Lopez treated other women at the Medical Center differently from how he treated men.  As the Court noted in its Previous Order, without supporting factual allegations, this conclusory assertion cannot sustain Granberry's hostile work environment claim.[7]  (*See* Previous Order 10.)  Therefore, the Court finds Granberry fails to state a claim for hostile work environment under Title VII.

Accordingly, the Court **GRANTS** McDonough's Motion and **DISMISSES** Granberry's first cause of action **WITH LEAVE TO AMEND.**

---

[6] In her Opposition, Granberry also asserts, without additional factual support, that Lopez "treated the male staff with more respect and did not send them condescending messages or belittle them to their face or behind their backs."  (Opp'n 3–4.)

[7] *Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements").

**C.      Title VII—Unlawful Retaliation**

McDonough argues that Granberry fails to demonstrate any causal connection between the negative performance evaluation reviews and her engagement in protected activtity.  (Mot. 12.)

To establish a prima facie claim of retaliation, a plaintiff must plead that (1) "she engaged in protected activity"; (2) she suffered a materially adverse employment action; and (3) "there was a causal relationship between the two."  *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013).  The Court addresses those elements in turn.

*1.      Protected Activity*

"An employee engages in protected activity when [they] oppose[] an employment practice that either violates Title VII or that the employee reasonably believes violates that law."  *Id.*  Granberry initiated two separate EEO complaints: on July 18, 2014, and on June 25, 2015.  (FAC ¶¶ 6, 23.)  In his Motion, McDonough indirectly concedes that Granberry's filing of EEO complaints constitutes protected activity.[8]  (Mot. 11–12.)  Therefore, the Court finds that Granberry satisfies the first element of a prima facie claim for retaliation.

*2.      Adverse Employment Action*

An action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity.  *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000).  The Ninth Circuit defines "adverse employment action" broadly.  *Id.* at 1241.  For example, denial of overtime and negative performance evaluations may constitute adverse employment actions.  *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (finding an employer's denial of employee's overtime in favor of less senior employees was an adverse action); *Kortan*, 217 F.3d 1112–13 (noting that negative performance evaluations, if undeserved, could

---

[8] It is not clear from the Motion to which EEO complaint McDonough refers, but for the purposes of this Order, both EEO complaints qualify as "protected activities."

constitute adverse employment actions).  Here, Granberry alleges that, after she filed her 2014 EEO complaint, Lopez cut her overtime and gave her a negative performance evaluation.  (FAC ¶¶ 21, 23.)  As these are recognized adverse employment actions, the Court finds Granberry satisfies the second element of a prima facie claim for retaliation under Title VII.

###### 3. *Causal Relationship*

To establish causation, a Plaintiff must plead "that engaging in the protected activity was one of the reasons for [his] firing and that but for such activity [he] would not have been fired."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064–65 (9th Cir. 2002) (alterations in original).

Granberry fails to allege facts sufficient to show that her EEO complaints were the but-for cause of the adverse employment actions.  For example, Granberry alleges that her supervisors discussed cutting her overtime before she initiated the July 18, 2014 EEO complaint.  (FAC ¶ 25.)  Further, although Granberry alleges that she received unfavorable performance reviews three months after she filed the 2014 EEO complaint, (*id.* ¶ 20), she also alleges that she received unfavorable performance reviews prior to the 2014 EEO complaint, (*id.* ¶ 30).  Rather than support the necessary inference of causation, Granberry's present allegations suggest that something other than the protected activity caused the reduced overtime and unfavorable performance reviews. With regard to Granberry's second June 25, 2015 EEO complaint, it is unclear what— if any—adverse employment actions occurred as a result of her engaging in protected activity.  (*See* FAC ¶¶ 1–31.)  As such, the Court finds that Granberry fails to satisfy the third, causal relationship, element of a prima facie claim for retaliation under Title VII.

Accordingly, the Court **GRANTS** McDonough's Motion and **DISMISSES** Granberry's second cause of action **WITH LEAVE TO AMEND.**

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** McDonough's Motion to Dismiss.   (ECF No. 22.)   If Granberry chooses to amend, the Second Amended Complaint is due no later than twenty-one (21) days from the date of this Order, in which case McDonough shall answer or otherwise respond within fourteen (14) days of Granberry's filing of the Second Amended Complaint.  If Granberry does not timely amend, the dismissal of her FAC in its entirety shall be deemed a dismissal with prejudice as of the lapse of the deadline to amend.

**IT IS SO ORDERED.**

March 28, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**